Rose Monahan (CA Bar No. 329861)
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, California 94612
rose.monahan@sierraclub.org
Tel: (415) 977-5704
Fax: (510) 208-3140

*Counsel for Plaintiff Sierra Club, National Parks Conservation Association, Center for Biological Diversity, and Environmental Defense Fund*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, SIERRA CLUB, ENVIRONMENTAL DEFENSE FUND, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, in his official capacity as Administrator,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>(Clean Air Act, 42 U.S.C. § 7401 *et seq.*) |

## INTRODUCTION

1. This is a suit to compel the Administrator of the United States Environmental Protection Agency ("Administrator" or "EPA") to take action mandated by the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.,* to protect air quality in national parks and wilderness areas. The Clean Air Act and EPA regulations required states, by July 31, 2021, to submit plans to make reasonable progress towards remedying regional haze that impairs visibility in Class I national parks and wilderness areas. For the 34 states that did not submit such plans, the Act required

EPA to make a finding, by January 31, 2022, that those states failed to submit the required state implementation plan. EPA has not made the required finding for any of the 34 states that failed to submit plans.

2. This lawsuit seeks to compel EPA to take final action finding that those states have not made their required submission. Such a finding begins a countdown clock that requires final EPA action on regional haze plans. Given past and present delays in this essential clean air program, EPA's action must be mandated by this Court.

## JURISDICTION AND VENUE

3. This matter arises under the Clean Air Act, 42 U.S.C. §§ 7401-7675. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604(a) (Citizen Suits) and 28 U.S.C. §§ 1331(Federal question) and 1361 (Action to compel an officer of the United States to perform a duty). The relief requested herein by Plaintiffs is authorized pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 2201, 2202, and 1361.

4. In accordance with 42 U.S.C. § 7604(b)(2) and 40 C.F.R. Part 54, Plaintiffs served prior notice on the Administrator of the violations alleged herein and Plaintiffs' intent to initiate the present action. Plaintiffs provided this notice to the Administrator by certified mail posted on February 7, 2022, with copies by e-mail to the Administrator and other EPA officials. A copy of this notice is provided as Exhibit A to this Complaint. More than 60 days have passed since Plaintiffs served this notice pursuant to 42 U.S.C. § 7604(b), and the violations identified in the notice are continuing.

5. Venue properly vests in this District pursuant to 5 U.S.C. § 552(a)(4)(B), because Sierra Club has its principal place of business in Oakland, California.

6. For the same reason, intradistrict assignment is proper in the Oakland Division.

# PARTIES

7. Plaintiff National Parks Conservation Association ("NPCA") is a national not-for-profit corporation organized and existing under the laws of the District of Columbia with its principal place of business in Washington, D.C. Its mission is to protect and enhance America's national parks for the use and enjoyment of present and future generations. Since NPCA was established in 1919, it has advocated for protection of the natural environment (including air quality) in and around the national parks, and worked to uphold laws and support new legislation to protect natural, cultural and historical sites and the public's enjoyment of them. Headquartered in Washington, D.C., with 27 regional and field offices throughout the country, NPCA has 1.4 million members and supporters.

8. Plaintiff Sierra Club is a not-for-profit corporation organized and existing under the laws of California, with its principal place of business in Oakland, California. Sierra Club is a national membership organization with more than 832,000 members residing throughout the United States, including each of the States as defined in 42 U.S.C. § 7602(d). Sierra Club's mission is to protect and enhance the quality of the natural and human environment, and its activities include public education, advocacy, and litigation to enforce environmental laws. Sierra Club and its members are greatly concerned about the effects of air pollution on human health and the environment and have a long history of involvement in activities related to air quality.

9. Plaintiff Environmental Defense Fund ("EDF") is a not-for-profit corporation organized and existing under the laws of New York, with its principal place of business in New York, New York. EDF is a national membership organization with more than 2 million members and supporters nationwide. EDF members reside in each of the States. EDF's mission is to protect the environmental rights of all people, including the rights to clean air and water and a flourishing ecosystem. Since the organization was founded in 1967, a key aspect of EDF's mission has been to advocate control of air pollution for the benefit of human health and the environment. EDF and its members are greatly concerned about the effect of air pollution on

human health and the environment, and have a long history of involvement in activities related to air quality.

10. The Center for Biological Diversity is a not-for-profit corporation. The Center for Biological Diversity's mission is to ensure the preservation, protection, and restoration of biodiversity, native species, ecosystems, public lands and waters, and public health through science, policy, and environmental law. Based on the understanding that the health and vigor of human societies and the integrity and wildness of the natural environment are closely linked, the Center for Biological Diversity is working to secure a future for animals and plants hovering on the brink of extinction, for the ecosystems they need to survive, and for a healthy, livable future for all of us.

11. The Act requires regional haze plans to remedy existing and prevent future human-caused visibility impairment in specified national parks, wilderness areas, wildlife refuges, and other areas designated by the Act and EPA rules as mandatory "Class I" Federal areas. 42 U.S.C. § 7491. Plaintiffs' members use and enjoy these Class I areas throughout the nation for recreation and aesthetic enjoyment, including enjoyment of the scenic vistas. These areas suffer from visibility impairment and poor air quality due to human-caused air pollution and are threatened with future visibility impairment due to human-caused air pollution. Human-caused air pollution in or from each of the states at issue may reasonably be anticipated to cause or contribute to visibility impairment in Class I areas used and enjoyed by Plaintiffs' members. Plaintiffs' members' use and enjoyment of these areas is therefore adversely affected by the visibility impairment that the Act requires regional haze plans to remedy and protect against.

12. The acts and omissions of EPA alleged in this Complaint cause injury to Plaintiffs and their members by delaying the submission, review, approval or promulgation, and implementation of plans required by the Act to remedy and protect against visibility impairment adversely affecting use and enjoyment of Class I areas by Plaintiffs' members. These delays cause injury to Plaintiffs' members by prolonging existing, and allowing future, visibility impairment that significantly interferes with Plaintiffs' members' use and enjoyment of Class I

4
COMPLAINT

areas, and by nullifying or delaying measures mandated by the Act to remedy and prevent such visibility impairment. The recreational, aesthetic, and environmental interests of Plaintiffs' members have been and continue to be adversely affected by the acts and omissions of EPA alleged in this Complaint.

13. The acts and omissions of EPA alleged herein further deprive Plaintiffs and their members of procedural rights and protections to which they would otherwise be entitled, including, but not limited to, the right to comment on and judicially challenge the adequacy of regional haze state plans (or EPA action approving or disapproving such a submission), and the right to ensure EPA effectuates its statutory duty to promulgate federal implementation plans to address state planning deficiencies.

14. EPA approval of a regional haze state implementation plan ("state plan" or "SIP") renders the provisions of that SIP federally enforceable via both EPA action and citizen suits. An EPA finding "that a State has failed to make a required submission or . . . that the plan or plan revision submitted by the State does not satisfy the minimum criteria" would trigger a two-year statutory deadline for the Administrator to prepare a federal plan to implement the Act's requirements for a regional haze plan in that state. 42 U.S.C. § 7410(c)(l). EPA's failure to make such findings causes an indefinite delay that thwarts Plaintiffs' and their members' rights to comment on, be protected by, enforce, and (if necessary) challenge in court the adequacy of regional haze state plans required by the Act, and to compel EPA to carry out its responsibility to issue federal plans where state plans are disapproved.

15. The acts and omissions alleged in this Complaint also deprive Plaintiffs and their members of information to which they would otherwise have access, specifically formal published findings by EPA on whether state plans for regional haze do or do not meet all the Act's requirements and formal published determinations (in connection with promulgation of regional haze federal plans) regarding the measures that are needed to implement the Act's regional haze requirements in the relevant states.  If Plaintiffs and their members had access to such information, they would use it to educate the public about air pollution throughout the

nation and to advocate for adoption of measures to remedy and protect against regional haze in Class I areas. EPA's failure to produce such information deprives Plaintiffs and their members of these benefits and thus causes them injury.

16. For these reasons, the Administrator's failure to discharge the mandatory duties alleged in this Complaint cause Plaintiffs and their members injuries for which they have no adequate remedy at law. Granting the requested relief would redress these injuries.

17. Defendant Michael S. Regan is the Administrator of the United States Environmental Protection Agency and is charged with the task of taking various actions to implement and enforce the Clean Air Act, including those actions sought herein. Plaintiffs are suing Mr. Regan in his official capacity as Administrator of EPA, and he officially resides in Washington, D.C.

18. Defendant United States Environmental Protection Agency is the federal agency charged with implementation of the Clean Air Act.

## BACKGROUND

19. In 1977, to protect the "intrinsic beauty and historical and archeological treasures" of national parks and wilderness areas,[1] Congress directed EPA to ensure the development and implementation of Clean Air Act plans that ultimately eliminate all anthropogenic air pollution impairing the nation's most iconic landscapes. 42 U.S.C. §§ 7491(a)(1), (b).

20. EPA's Regional Haze Rule requires the states (or EPA where a state fails to act) to periodically issue state plans that contain "emission limits, schedules of compliance and other measures" to ensure reasonable progress toward eliminating visibility pollution in Class I national parks and wilderness areas by 2064. 42 U.S.C. § 7479(b)(2); 40 C.F.R. §§ 51.308(d)(1), (d)(3), (f)(1), (f)(2); 64 Fed. Reg. 35,714, 35,727 (July 1, 1999).

---

[1] H.R. Rep. No. 95-294, at 203-04 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1077, 1282.

21. The first of those periodic state plans were due in 2007. Despite that mandate—and nearly fifteen years after the deadline—several states still do not have fully approved Regional Haze plans for this first planning period.

22. In 2017, EPA revised the Regional Haze Rule. Among other changes, the revised Rule required each state to "revise and submit its regional haze implementation plan revision to EPA by July 31, 2021, July 31, 2028, and every 10 years thereafter." 40 C.F.R. § 51.308(f).

23. By July 31, 2021, the Regional Haze Rule required a "comprehensive" state plan revision that includes emission limits and other measures to fulfill the Clean Air Act's reasonable progress requirements. 82 Fed. Reg. 3,078, 3,116; 40 C.F.R. § 51.308(f).

24. The Administrator must determine no later than six months after the date by which a state is required to submit a plan whether a state has made a submission that meets minimum completeness criteria. 42 U.S.C. § 7410(k)(1)(A)-(B); 40 C.F.R. Part 51, Appendix V.

25. EPA commonly refers to the determination that a state has not submitted a plan that meets the minimum completeness criteria, or has not submitted a plan at all, as a "finding of failure to submit."

26. The Administrator's determination regarding whether states submitted plans meeting the completeness criteria, or had failed to submit such plans, was due 6 months after July 31, 2021, that is, by January 31, 2022. 42 U.S.C. § 7410(k)(1)(B).

27. On February 4, 2022, in accordance with 42 U.S.C. § 7604(b), Plaintiffs served Defendants with a notice of intent to file suit against the EPA Administrator for the failure to take mandatory, nondiscretionary action finding that 34 states had failed to submit to EPA the required regional haze implementation plan revision due by July 31, 2021.

28. As of April 13, 2022, the date of this Complaint, the following 34 states have failed to submit to EPA the regional haze implementation plan revision due by July 31, 2021:

| | | |
|---|---|---|
| Alabama | Louisiana | Oklahoma |
| Alaska | Maine | Oregon |
| Arizona | Minnesota | Pennsylvania |
| Arkansas | Mississippi | Rhode Island |
| California | Missouri | South Dakota |
| Colorado | Montana | Utah |
| Delaware | Nebraska | Vermont |
| Georgia | Nevada | Virginia |
| Hawaii | New Hampshire | West Virginia |
| Idaho | New Mexico | Wyoming |
| Illinois | North Dakota | |
| Iowa | | |
| Kentucky | | |

29. As of the date of this Complaint, EPA has failed to take final action finding that those states failed to submit the required regional haze plan revision under 42 U.S.C. § 51.308(f).

30. On April 7, 2022, EPA announced "its intent to make findings that certain states have failed to submit regional haze implementation plans for the second planning period . . . by August 31, 2022." Visibility and Regional Haze, U.S. Env't Prot. Agency (Apr. 7, 2022), *available at* https://www.epa.gov/visibility (last visited Apr. 12, 2022). EPA advised "[s]tates wishing to avoid inclusion in the Findings of Failure to Submit [to] submit their second planning period SIPs" by that date. *Id.*

31. EPA's announcement, effectively extending the deadline for states to submit updated regional haze plans from July 31, 2021, to August 31, 2022, has no legal effect. Specifically, EPA does not have authority to modify the deadline for state submission of revised regional haze plans via a website announcement or any authority to modify its statutory mandate to act on those submissions within six months of the regulatory deadline for submission. Even if

EPA had such authority—which it does not—the announcement does not legally require EPA to take final action by August 31, 2022, thereby threatening continued indefinite delay.

**FIRST CLAIM FOR RELIEF**

**Failure to Issue the Statutorily Mandated Finding
That These States Have Failed to Submit the Required
State Implementation Plans Under the Regional Haze Rule**

32. Plaintiffs incorporate by reference the preceding paragraphs.

33. More than six months have passed since the July 31, 2021 deadline for each of the above-named states to submit the required SIP revisions.

34. Each of the above-named states failed to submit the required state plan revisions by the July 31, 2021 deadline.

35. Although its January 31, 2022 deadline under 42 U.S.C. § 7410(k)(1)(B) has passed, EPA has not issued the statutorily mandated determinations of whether these states have made a submission that meets the minimum completeness criteria.

36. Although its January 31, 2022 deadline under 42 U.S.C. § 7410(k)(1)(B) has passed, EPA has not issued the statutorily mandated determination that these states have failed to submit the required state plan revisions.

37. EPA's failure to make such determinations constitutes a failure to perform acts or duties that are nondiscretionary with EPA within the meaning of 42 U.S.C. § 7604(a)(2).

38. Therefore, the Administrator has violated, and is in violation of, his nondiscretionary duties under 42 U.S.C. § 7410(k)(1)(B) by failing to timely determine whether the 34 states, listed above, have submitted revised regional haze state plans that meet the minimum completeness criteria of 42 U.S.C. § 7410(k)(1)(A). These violations are ongoing.

39. Further, the Administrator has violated, and is in violation of, his nondiscretionary duties under 42 U.S.C. § 7410(k)(1)(B) by failing to timely determine that the 34 states, listed above, have failed to submit revised regional haze state plans by the July 31, 2021 deadline, 40 C.F.R. § 51.308(f).  These violations are ongoing.

# RELIEF REQUESTED

Plaintiffs respectfully requests that this Court enter judgment:

1. Declaring that EPA's failures to act alleged herein constitute failures to perform nondiscretionary duties required by 42 U.S.C. §§ 7410(k)(1)(B) within the meaning of 42 U.S.C. § 7604(a)(2);

2. Preliminarily and permanently enjoining the Administrator from continuing to violate these nondiscretionary duties;

3. Ordering the Administrator to complete all actions required by 42 U.S.C. § 7410(k)(1)(B) within 30 days of judgment;

4. Awarding Plaintiffs their reasonable costs of litigation, including attorneys' fees, pursuant to 42 U.S.C. § 7604(d);

5. Retaining jurisdiction over this action to ensure compliance with the Court's orders; and

6. Grant such other relief as the Court deems just and proper.

Dated: April 13, 2022

Respectfully submitted,

/s/ Rose Monahan
Rose Monahan (CA Bar No. 329861)
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, California 94612
rose.monahan@sierraclub.org
Tel: (415) 977-5704
Fax: (510) 208-3140

*Counsel for Plaintiff Sierra Club, National Parks Conservation Association, Center for Biological Diversity, and Environmental Defense Fund*