Exhibit A





February 7, 2022

**Via Certified and Electronic Mail**

Michael Regan, Administrator
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Ave., N.W.
Mail Code 1101A
Washington, DC 20460
Regan.Michael@epa.gov

Re:   **Notice of Intent to File Suit Under the Clean Air Act for Failure to Make
      Statutory Completeness Determinations and Findings of Failure to Submit
      Regional Haze State Implementation Plans for the Second Planning Period**

Dear Administrator Regan,

Under Section 304(b)(2) of the Clean Air Act ("the Act"), 42 U.S.C. § 7604(b)(2), and
40 C.F.R. part 54, the National Parks Conservation Association, Sierra Club, A Community
Voice, Alliance for Affordable Energy, Appalachian Mountain Club, Association of Irritated
Residents, Badlands Conservation Alliance, Center for Biological Diversity, Central California
Asthma Collaborative, Coalition to Protect America's National Parks, Coalition Against Death
Alley, Colorado Renewable Energy Society, Cook Inletkeeper, Diné Citizens Against Ruining
our Environment, Earthworks, Environmental Defense Fund, Greater- Birmingham Alliance to
Step Pollution ("GASP") Greater New Orleans Climate Reality Project, Gunnison Valley
Climate Crisis Coalition, Healthy Environment Alliance of Utah ("HEAL Utah"), Healthy
Gulf, Idaho Conservation League, Inclusive Louisiana, Justice & Beyond Louisiana, Louisiana
Bucket Brigade, Minnesota Center for Environmental Advocacy, Montana Environmental
Information Center, Piedmont Environmental Council, Southeast Rural Community Assistance
Project ("SERCAP") Tennessee Citizens for Wilderness Planning, To Nizhoni Ani, Utah
Physicians for a Healthy Environment, Virginia Conservation Network, Virginia League of
Conservation Voters, Voyageurs Conservancy, Western Clean Energy Campaign, Western
Environmental Law Center, WildEarth Guardians, and 350 New Orleans (the "Conservation

Organizations") provide notice of their intent to file suit against the Administrator of the U.S. Environmental Protection Agency ("EPA") for the failure of the Administrator to perform acts or duties under the Act which are not discretionary with the Administrator. 42 U.S.C. § 7604(a)(2).[1] Specifically, the Administrator has violated, and is in violation of, his nondiscretionary duties under 42 U.S.C. § 7410(k)(1)(B) by failing to timely issue the statutorily mandated determinations of whether 39 states, listed below, have submitted revised regional haze state implementation plans ("SIPs") that meet the minimum completeness criteria of 42 U.S.C. § 7410(k)(1)(A). Those SIPs were due July 31, 2021, pursuant to 42 U.S.C. § 7491(b) and 40 C.F.R. § 51.308(f), and the Administrator's determination of whether the states submitted SIPs meeting the completeness criteria was due 6 months later, that is, by January 31, 2022. 42 U.S.C. § 7410(k)(1)(B). The Administrator is now in violation of his nondiscretionary duty to make that determination. Because these states have in fact failed to submit the required SIPs by the July 31, 2021 deadline, the Administrator further is in violation of a nondiscretionary duty to determine that these states have not submitted SIPs that meet the minimum completeness criteria.

As detailed below, EPA's immediate issuance of a finding of failure to submit is not only required by the Clean Air Act, but it will further this Administration's promises to protect air quality in the nation's national parks and wilderness areas. Decades of delay in finalizing and implementing regulations to reduce visibility impairing haze in our parks and wilderness areas has deprived citizens of the enjoyment of these precious resources, and has caused visitors, employees, and wildlife to be unnecessarily exposed to harmful levels of air pollution. Indeed, the same pollutants that cause visibility impairment in Class I areas also harm public health. 82 Fed. Reg. 3,078, 3,081, 3,117 (Jan. 10, 2017). Thus, timely implementation of the Act's visibility requirements not only presents a significant opportunity to improve visibility in the nation's most treasured national parks, but to improve air quality in communities across the country where the largest sources of visibility impairing air pollutants are typically located.[2]

## I.   THIRTY-NINE STATES HAVE IGNORED THE CLEAN AIR ACT'S MANDATE TO SUBMIT COMPREHENSIVE STATE IMPLEMENTATION PLANS

In 1977, to protect the "intrinsic beauty and historical and archeological treasures" of the national parks and wilderness areas,[3] Congress directed EPA to ensure the development and implementation of Clean Air Act plans that ultimately eliminate all anthropogenic air pollution impairing the nation's most iconic landscapes. 42 U.S.C. §§ 7491(a)(1), (b). After more than two decades of delay in implementing that mandate, in 1999, EPA finally issued the Regional Haze

---

[1] This notice is provided to you in your official capacity as Administrator of the U.S. Environmental Protection Agency ("EPA") as a prerequisite to bringing a civil action. 42 U.S.C. § 7604(b)(2); 40 C.F.R. part 54. As used herein, the term "EPA" means the Administrator.

[2] *See* Memo from Peter Tsirogotis to Regional Air Directors, Clarifications Regarding Regional Haze State Implementation Plans for the Second Implementation Period, at 16 (July 8, 2021) (https://www.epa.gov/visibility/clarifications-regarding-regional-haze-state-implementation-plans-second-implementation) (urging the states and EPA regional offices to consider equity and environmental justice when developing their regional haze strategies for the second planning period).

[3] H.R. Rep. No. 95-294, at 203-04 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1077, 1282.

Rule, which requires the states (or EPA where a state fails to act) to periodically issue SIPs that contain "emission limits, schedules of compliance and other measures" to ensure reasonable progress toward eliminating visibility pollution in Class I national parks and wilderness areas by 2064. 64 Fed. Reg. 35,714, 35,727 (July 1, 1999); 40 C.F.R. §§ 51.308(d)(1), (d)(3). The first of those periodic SIPs were due in 2007. Despite that mandate—and nearly fifteen years after the deadline—several states still do not have fully approved Regional Haze plans for the first planning period.

      In 2017, EPA revised the Regional Haze Rule to clarify and strengthen aspects of the Clean Air Act's visibility program. Among other changes, the revised Regional Haze Rule required each state to "revise and submit its regional haze implementation plan revision to EPA by July 31, 2021, July 31, 2028, and every 10 years thereafter." 40 C.F.R. § 51.308(f). The submittal is to be a "comprehensive SIP revision" that includes emission limits and other measures to fulfill the Clean Air Act's reasonable progress requirements. 82 Fed. Reg. 3,078, 3,116; 40 C.F.R. § 51.308(f). As of February 4, 2022, however, the following thirty-nine states have failed to submit to EPA the regional haze implementation plan revision due by July 31, 2021 as required by the Regional Haze Rule, 40 C.F.R. § 51.308(f):

| | | |
|---|---|---|
| Alabama | Louisiana | Oklahoma |
| Alaska | Maine | Oregon |
| Arizona | Maryland | Pennsylvania |
| Arkansas | Minnesota | Rhode Island |
| California | Mississippi | South Carolina |
| Colorado | Missouri | South Dakota |
| Delaware | Montana | Tennessee |
| Georgia | Nebraska | Utah |
| Hawaii | Nevada | Vermont |
| Idaho | New Hampshire | Virginia |
| Illinois | New Mexico | Washington |
| Iowa | North Carolina | West Virginia |
| Kentucky | North Dakota | Wyoming |

## II.  EPA IS IN VIOLATION OF ITS MANDATORY STATUTORY DUTY TO ISSUE A FINDING THAT THESE STATES FAILED TO SUBMIT A REGIONAL HAZE SIP REVISION.

      Under 42 U.S.C. §7410(k)(1)(B), EPA must determine no later than six months after the date by which a state is required to submit a SIP whether a state has made a submission that meets the minimum completeness criteria established pursuant to 42 U.S.C. § 7410(k)(1)(A). These criteria are set forth at 40 C.F.R. part 51, appendix V. The EPA refers to the determination that a state has not submitted a SIP submission that meets the minimum completeness criteria, or has not submitted a SIP at all, as a "finding of failure to submit."

      As noted, on January 19, 2017, EPA issued a final rule under 42 U.S.C. § 7491(b), requiring each state to submit for EPA review a Regional Haze state implementation plan revision by July 31, 2021. 40 C.F.R. § 51.308(f). As of February 4, 2022, however, each of the

above-listed states has failed to submit the regional haze implementation plan revision that was due by July 31, 2021 as required by 40 C.F.R. § 51.308(f).

More than six months have passed since the July 31, 2022 deadline for each of those states to submit the required SIP revisions, yet EPA has not issued the statutorily mandated determinations of whether each such state has made a submission that meets the minimum completeness criteria. EPA's failure to make such determinations constitutes failure to perform acts or duties that are nondiscretionary with EPA within the meaning of 42 U.S.C. § 7604(a)(2). Further, each of the above-named states has in fact failed to submit the SIP revisions required by July 31, 2021. Under these circumstances, EPA has a nondiscretionary statutory obligation to issue a formal finding that these states have failed to submit the requisite Regional Haze SIP revisions.

## III.    NOTICE OF INTENT TO SUE

The above-listed Conservation Organizations hereby give notice of their intent to file suit 60 days from the postmark of this letter to compel EPA to perform its overdue mandatory duties under the Clean Air Act as described above.

As required by 40 C.F.R. § 54.3, the persons providing this notice are listed below.[4]

The Conservation Organizations would welcome the opportunity to meet with EPA to discuss the potential for promptly resolving this matter. If EPA is interested in pursuing discussions on the above matter, please contact the undersigned counsel at joshua.smith@sierraclub.org and cmcphedran@earthjustic.org. If we do not hear from EPA in 60 days, we intend to proceed with filing a complaint in U.S. District Court.

Sincerely,

_____
Joshua Smith
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415)977-5560
joshua.smith@sierraclub.org

*Counsel for Sierra Club*

Charles McPhedran
Earthjustice
1617 John F. Kennedy Boulevard, Suite 1130
Philadelphia, PA 19103
(215) 717-4521
cmcphedran@earthjustice.org

*Counsel for National Parks Conservation Association and Sierra Club*

---

[4] While EPA regulations require the entities providing their notice of intent to provide this information, please direct all correspondences and communications regarding this matter to the undersigned counsel.

Pursuant to 40 C.F.R. § 54.3(a), the persons providing this notice are:

National Parks Conservation Association
Stephanie Kodish
706 Walnut Street, Suite 200
Knoxville, TN 37902

Sierra Club
Gloria Smith
2101 Webster Street, Suite 1300
Oakland, CA 94612

A Community Voice
Beth Butler
2221 St. Claude Avenue
New Orleans, LA 70117

Alliance for Affordable Energy
Logan Burke
4505 S. Claiborne Avenue
New Orleans, LA 70125

Appalachian Mountain Club
Georgia Murray
PO Box 298
Gorham, NH 03581

Association of Irritated Residents
Tom Frantz
2076 Hays Street
San Luis Obispo, CA 93405

Badlands Conservation Alliance
Elizabeth Loos
PO Box 2337
Bismarck, ND 58501

Center for Biological Diversity
Robert Ukeiley
1536 Wynkoop St., Suite 421
Denver, CO 80202

Central California Asthma Collaborative
Kevin Hamilton
4991 E. McKinley Avenue, Suite 109
Fresno, CA 93727

Coalition Against Death Alley
Elizabeth Soychak
8581 Hwy 18
St. James, LA 70086

Coalition to Protect America's National Parks
Michael Murray
2 Massachusetts Avenue NE Unit 77436
Washington, DC 20013

Cook Inletkeeper
Liz Mering
3734 Ben Walters Ln
Homer, AK 99603

Colorado Renewable Energy Society
Steve Szabo
430 N. College Avenue, Suite 440
Fort Collins, CO 80524

Diné Citizens Against Ruining our
Environment
Adella Begaye
HCR 63 Box 272
Winslow AZ 86047

Earthworks
Aaron Mintzes
1612 K Street, N.W.
Washington, DC 20006

Environmental Defense Fund
Graham McCahan
2060 Broadway, Suite 300
Boulder, CO 80302

Greater Birmingham Alliance to Stop Pollution
("GASP")
Haley Lewis
2320 Highland Avenue S
Birmingham, AL 35205

Greater New Orleans Interfaith Climate
Coalition
Rev. Gregory T. Manning
2021 S. Dupre Street
New Orleans, LA 70125

Greater New Orleans Climate Reality Project
Peter Digre
2833 St. Charles Avenue.
New Orleans, LA 70115

Gunnison Valley Climate Crisis Coalition
Jeff Delaney

Healthy Environment Alliance of Utah ("HEAL
UT")
Karen (Lexi) Tuddenham
824 400 W#111
Salt Lake City, UT 84101

Healthy Gulf
Cynthia Sarthou
935 Gravier Street
New Orleans, LA 70112

Idaho Conservation League
Benjamin Otto
710 N. 6th Street
Boise, ID 83702

Inclusive Louisiana
Barbara Washington
8191 Pleasant Hill Street
Convent, LA 70723

Justice & Beyond Louisiana
Sylvia McKenzie
2021 S. Dupre Street
New Orleans, LA 70125

Louisiana Bucket Brigade
Anne Rolfes
3416 B Canal Street
New Orleans 70119

Minnesota Center for Environmental Advocacy
Kathryn Hoffman
1919 University Avenue W. Suite 515
St. Paul, MN 55104

Montana Environmental Information
Center
Anne Hedges
Box 1184
Helena, MT 59624

Piedmont Environmental Council
Daniel Holmes
45 Horner Street
Warrenton, Virginia 20186

Southeast Rural Community Assistance
Project ("SERCAP")
Hope F. Cupit
347 Campbell Avenue
Roanoke VA 24016, US 24551

6

Tennessee Citizens for Wilderness Planning
Jimmy Groton
PO Box 6873
Oak Ridge, TN 37831

Utah Physicians for a Healthy Environment
Jonny Vasic
423 W. 800 Street, Suite 108A
Salt Lake City, UT 84094

Virginia League of Conservation Voters
Michael Town
100 W. Franklin Street, Suite 102
Richmond, VA 23225

Western Clean Energy Campaign
Eric Frankowski
4518 Lucca Drive
Longmont, CO 80503

WildEarth Guardians
Jeremy Nichols
301 N. Guadalupe, Suite 201
Santa Fe, NM 87501

To Nizhoni Ani
Nicole Horseherder
PO Box 483
Kykotsmovi, AZ 86039

Virginia Conservation Network
Narissa Turner
701 E. Franklin Street, Suite 800
Richmond, VA 23219

Voyageurs Conservancy
Christina Rhode
1400 Van Buren Street NE #200 - 235
Minneapolis, MN 55413

Western Environmental Law Center
Ally Beasley
409 East Palace Avenue
Santa Fe, NM 87501

350 New Orleans
Vickie Boothe
1632 8th Street
New Orleans, LA 70115

Copy (by e-mail):

Janet McCabe
Deputy Administrator
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code: 1101A
Washington, DC 20460
McCabe.Janet@epa.gov

Jeffrey Prieto
General Counsel
Office of General Counsel
U.S. Environmental Protection Agency
William Jefferson Clinton Building

1200 Pennsylvania Avenue, N.W.
Mail Code: 2310A
Washington, DC 20460
Prieto.Jeffrey@epa.gov

Joe Goffman
Principal Deputy Assistant Administrator
Office of Air and Radiation
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code: 6103A
Washington, DC 20460
Goffman.Joseph@epa.gov

Tomás Elias Carbonell
Deputy Assistant Administrator for Stationary Sources
Office of Air and Radiation
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code: 6103A
Washington, DC 20460
Carbonell.Tomas@epa.gov

Peter Tsirigotis
Director
Office of Air Quality Planning and Standards
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code: C404-04
Washington, DC 20460
Tsirigotis.Peter@epa.gov


Copy (by Certified Mail):

Merrick Garland, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530