UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br><br>　　　　　Defendant. | Case No. 22-cv-02302-RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CHANGE TIME** |

Plaintiffs filed this suit to compel the Administrator of the United States Environmental Protection Agency to take certain action allegedly mandated by the Clean Air Act, 42 U.S.C. §§ 7401 *et seq*., for the protection of air quality in national parks and wilderness areas. Plaintiffs contend the Clean Air Act and EPA regulations required states, by July 31, 2021, to submit plans to make reasonable progress towards remedying regional haze that impairs visibility in Class I national parks and wilderness areas. If any states failed to meet that deadline, EPA allegedly was required to make a finding by January 31, 2022, that such states were not in compliance.

Plaintiffs allege 34 states did not submit plans. (EPA discloses the actual number is 39.) The EPA has not yet declared the non-submitting states to be out of compliance, allegedly because it is working with those states and believes that some of them will be submitting their plans in the very near future. Prior to the filing of this action, EPA had announced its intent to issue the compliance determination by August 31, 2022.

Plaintiffs filed this action on April 13, 2022. They filed a motion for summary judgment on

May 20, 2022, setting it for hearing on June 30, 2022. The motion requests an order requiring the EPA to act within 30 days after the motion is granted. Thus, if the motion were heard on June 30th as plaintiffs request, and even if the court were to grant the motion that very same day, EPA would only be required to issue its determination by July 30th—a mere month earlier than EPA promised prior to this suit that it would act.

Defendants' deadline to respond to the complaint is not until June 17, 2022. The initial Case Management Conference is set for July 14, 2022. The calendared deadline to respond to the motion for summary judgment, however, is June 3, 2022.

While there is no per se rule that forbids early summary judgment motions, the timing here is not reasonable. Defendants request that they be allowed to respond to the complaint and to the motion for summary judgment on September 1, 2022. Defendants argue the complaint should be moot by then, as EPA will have made the requisite determination by August 31, 2022, as it has promised. If for some reason it has not, defendants argue, the delay plaintiffs will have suffered will have been minimal.[1]

Plaintiffs, however, state they are unwilling to stipulate to continue defendants' response deadlines (to the complaint or to the motion) because they are concerned the EPA could continue to give itself unilateral extensions of a deadline that actually expired back in January.

Good cause appearing, the deadline to file opposition to plaintiffs' motion for summary judgment is suspended, pending subsequent order. Defendants' deadline for responding to the complaint, and the date of the Case Management Conference, will remain as presently scheduled. Resetting a briefing schedule and hearing date for the motion for summary judgment may be discussed at the Case Management Conference, in light of such circumstances as may exist at that time.

---

[1] Indeed, as calculated above, under the existing schedule, the earliest EPA would be under court order to act is the end of July.

**IT IS SO ORDERED**.

Dated: June 1, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

CASE NO. 22-cv-02302-RS

3