UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB, et al.,<br>           Plaintiffs,<br><br>   v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br>           Defendant. | Case No. 22-cv-02302-RS<br><br>**SCHEDULING ORDER** |

As noted in a prior order, this action seeks to compel the Administrator of the United States Environmental Protection Agency to take certain action allegedly mandated by the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*—specifically, plaintiffs contend EPA has missed a January 31, 2022, deadline to make a finding as to which states are not in compliance with their obligations to submit plans for addressing regional haze that impairs visibility in national parks and wilderness areas.

Prior to the filing of this action, EPA had announced its intent to issue the compliance determination by August 31, 2022. Plaintiffs filed this action in April, and a month later filed a motion for summary judgment. EPA moved to delay its obligation to respond to the complaint and the motion for summary judgment until September 1st, contending the action likely would be moot by then.

An order issued suspending briefing on the summary judgment motion, but not relieving EPA from filing an answer. The order indicated that resetting a briefing schedule and hearing date

for the motion for summary judgment could be discussed at the Case Management Conference, "in light of such circumstances as may exist at that time."

The parties have now filed their joint Case Management Conference statement and report agreement that this action can be decided on cross-motions for summary judgment, without discovery. The EPA asserts it remains "on track" to issue the compliance determination by August 31st. Although the parties dispute which side will have the burden to show mootness or the existence of a continuing justiciable controversy if that happens, plaintiffs have not suggested any reason the case would *not* be moot at that point. Indeed, the parties *jointly* assert they "anticipate that the only legal dispute will be the appropriate remedy--the time for EPA to complete its mandatory duty."

EPA repeats its prior request that it not be obligated to file a response to the motion for summary judgment until September 1st. Plaintiffs insist EPA should be required to respond at the earliest possible date, but no later than July 21st. Plaintiffs contend EPA has no lawful or factual basis for delaying the required determination until August 31st, when the agency has known which states missed the July 31, 2021, deadline for submitting plans for nearly a year. EPA asserts the August 31st date was chosen after consultation with a number of states that intend to submit plans, some of which were near finalization.

It appears the EPA effectively has given itself, and states, an extension of several extra months beyond what the regulations provide. Nothing in this order should be seen as an endorsement of that approach. As a practical matter, however, the timing is such that it would be a poor use of court and party resources to proceed with briefing of the summary judgment motion when there is a strong possibility the issue will be moot before any judicial relief would likely take effect.

Plaintiffs' concern that the EPA might continue to give itself and the states extensions can be addressed by setting the EPA's deadline for responding to the motion for summary judgment on September 1st. Assuming the EPA's duty to act is as clear cut as plaintiffs contend, they will be able to get prompt relief in the event the EPA breaks its promise to issue the determination by

August 31st.

Accordingly, no later than September 1, 2022, the EPA shall file a response to the motion for summary judgment. Within one week thereafter, plaintiffs shall file a reply—or, if the parties agree the case has become moot, a dismissal. If the briefing indicates there is still an issue to be resolved, the matter will either be deemed submitted, or set for hearing, in the court's discretion.

Because it is the court's practice always to have a further proceeding on calendar, the Case Management Conference is continued to December 1, 2022. The current expectation, however, is that the case will be resolved one way or another prior to that time.

**IT IS SO ORDERED**.

Dated: July 11, 2022

_____
RICHARD SEEBORG
Chief United States District Judge