Mark L. Walters (CA Bar No. 160232)
Andrew J. Doyle (FL Bar. 84948; DC Bar 1022023)
Environmental Defense Section
150 M Street NE, Suite 4.214
Washington D.C.  20004
Tel: (202) 616-9190
Fax: (202) 514-8865
E-mail: mark.walters@usdoj.gov
          andrew.doyle@usdoj.gov


*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, *et al.*, | ) ) ) ) ) |
| *Plaintiffs*, | ) ) Civ. No. 3:22-CV-02302-RS |
| v. | ) ) **DEFENDANTS' NOTICE OF MOOTNESS** |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) **AND UNOPPOSED REQUEST FOR** ) **DISMISSAL** ) |
| *Defendants*. | ) ) ) |

     Defendants the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively "EPA"), file this Notice of Mootness and Unopposed Request for Dismissal and request that the Court dismiss this action for want of jurisdiction because Plaintiffs' claims are now moot.

1.  A federal court lacks jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992); *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1172-73 (9th Cir. 2009). An actual controversy must exist at all stages of the review, not just when the complaint is filed. *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974). "[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments." *Flast v. Cohen*, 392 U.S. 83, 95 (1968); *see also Smith v. Univ. of Wash., Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000).

2.  In particular, when an administrative agency has performed the action sought by a plaintiff, a federal court "lacks the ability to grant effective relief and the claim is moot." *Pub. Util. Comm'n v. Fed. Energy Regulatory Comm'n*, 100 F.3d 1451, 1458 (9th Cir. 1996). *See, e.g., Ctr. for Biological Diversity v. Norton,* 254 F.3d 833, 837 n. 4 (9th Cir.2001) (stating that where citizen suit sought to force action regarding the listing of a frog species as threatened or endangered, once the frog was listed the case became moot). In this case, EPA has performed the precise action Plaintiffs sought to compel. Therefore, Plaintiffs' claims are moot and this action should be dismissed.

3.  Plaintiffs brought this suit seeking to compel EPA to perform what Plaintiffs alleged to be a nondiscretionary duty under the Clean Air Act § 110(k)(1)(B). (ECF 1 at 7, 9-10). Specifically, Plaintiffs sought an order requiring EPA to make a determination as to those states that have failed to submit satisfactory state implementation plans (known as "SIPs") under EPA's Regional Haze Program for what is known as the "second planning period." (40 C.F.R. § 51.308(f)). (*Id*. at 9-10). EPA previously informed Plaintiffs and the Court that it intended to make this determination by August 31, 2022 (ECF 16 at 2-3; ECF 18 at 1; ECF 22 at 1).

4.  EPA has now made this determination, and it was published in the Federal Register on August 30, 2022. *See* Finding of Failure to Submit Regional Haze State Implementation Plans for

1
2
3
the Second Planning Period, 87 Fed. Reg. 52856 (Aug. 30, 2022).[1] EPA has made a determination of and identified those states that have failed to submit complete regional haze SIPs for the second planning period. *Id*. at 52857-58.[2]

4
5
6
7
5.   Accordingly, EPA has now performed the action sought by Plaintiffs: a determination as to which states failed to submit complete regional haze SIPs for the second planning period. Therefore, this Court "lacks the ability to grant effective relief and the claim is moot." *Pub. Util. Comm'n*, 100 F.3d at 1458. Plaintiffs' claims should be dismissed.

8
9
6.   The undersigned counsel for EPA has contacted counsel for Plaintiffs who indicated that Plaintiffs do not oppose the dismissal requested by EPA.

10
11
Therefore, because Plaintiffs' claims are now moot, and there is no longer any live case or controversy, Defendants respectfully request that this Court dismiss all Plaintiffs' claims as moot.

12
13
Respectfully submitted,

14
Date:  August 31, 2022

15
16
17
18
19
20
21
22
   s/ *Mark L. Walters*
MARK L. WALTERS
ANDREW J. DOYLE
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
150 M Street NE, Suite 4.214
Washington D.C.  20002-3388
mark.walters@usdoj.gov
andrew.doyle@usdoj.gov
Telephone (202) 616-9190
Facsimile (202) 514-8865

23
24
25
26
27
28

---

[1] https://www.govinfo.gov/content/pkg/FR-2022-08-30/pdf/2022-18678.pdf
[2] Some states have submitted their SIPs since Plaintiffs filed their Complaint. The number of states that failed to submit complete SIPs is now 15.

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Plaintiffs' counsel regarding the dismissal of Plaintiffs' claims as moot and have been advised that Plaintiffs do not oppose the dismissal requested by Defendants.

s/ *Mark L. Walters*
MARK L. WALTERS

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2022, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ *Mark L. Walters*
MARK L. WALTERS

Defendants' Notice of Mootness and Unopposed Request for Dismissal
Case No. 3:22-CV-02302-RS